WAJDA LAW GROUP, APC
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN SCHRUBB, Jr. | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** |
| VEROS CREDIT, LLC | |
| Defendant. | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes KEVIN SCHRUBB, Jr. ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of VEROS CREDIT, LLC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under, and is brought, pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion of the events, or omissions giving rise to the claims, occurred within the Eastern District of California.

## PARTIES

5. Plaintiff is a consumer, over the age of 18, and resides in Fresno, California.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is engaged in the business of offering automobile loans and collecting, or attempting to collect, directly or indirectly, debts owed, or due, using the mail and telephone, from consumers across the country, including consumers located in the State of California. Defendant's primary place of business is in Santa Anna, California.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. In recent years, Plaintiff and his former fiancé, "Vanessa," purchased a vehicle ("subject vehicle").

11. In connection with the vehicle purchase, Plaintiff and Vanessa obtained a loan from Defendant ("subject debt").

12. Plaintiff and Vanessa generally made timely payments against the subject debt.[1]

13. Subsequently, Plaintiff and Vanessa ended their relationship and Vanessa kept the vehicle.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5726. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. In our about June 2020, Plaintiff began receiving calls to his cellular phone ending in 5726 from Defendant.

16. In the calls that Plaintiff answered, Plaintiff experienced a noticeable pause, lasting approximately three seconds, before Defendant's representative came on the line.

17. In June 2020, Plaintiff answered such a call from Defendant. In said call, Defendant informed Plaintiff that Defendant was calling to collect on the subject debt. Plaintiff informed Defendant that he and Vanessa had ended their relationship and that Vanessa kept the subject vehicle. In this call, Plaintiff asked for the calls from Defendant to cease, and instead, Plaintiff asked for any communication to be mailed to him.

18. Despite Plaintiff's demand, Defendant continued to relentlessly place phone calls to Plaintiff's cellular phone.

19. Defendant continued to call Plaintiff on his cellular phone through June and July 2020.

20. On July 29, 2020, Plaintiff answered a call from Defendant while he was attending a memorial service for his son who passed away two years prior. In this call, Plaintiff explained that he was at a memorial service for his son and Defendant's representative responded by asking how Plaintiff would like to make payment. Plaintiff then disconnected the call.

21. On July 29, 2020, Defendant again called Plaintiff approximately 30 minutes after the above call. In this call, Plaintiff told Defendant to "stop calling."

---

[1] Upon information and belief, the approximate amount of the current debt is $7,900.00

3

22. However, Defendant continued calling Plaintiff. Frustrated, in at least one or more phone conversations, Plaintiff requested to speak to a supervisor. Once connected to a supervisor, Plaintiff would explain the numerous calls he has received, but Plaintiff would simply get the "runaround."

23. Plaintiff has received numerous phone calls to his cellular phone from Defendant. Plaintiff has answered many calls from Defendant and has repeatedly asked for the calls to cease, but Plaintiff's demands continued to fall on deaf ears.

24. Defendant continued to call Plaintiff on his cellular phone through August and September 2020.

25. Plaintiff believes that he has received no less than one hundred (100) calls from Defendant to his cellular phone since the first time he asked for the calls to stop.

26. Plaintiff believes he may have received hundreds of calls from Defendant to his cellular phone since the first time he asked for the calls to stop.

27. Moreover, Defendant would call Plaintiff multiple times a day and from different phone numbers.

28. Recent examples of calls from Defendant to Plaintiff's cellular phone include, but are not limited to, the following: From Defendant's phone number, 559-472-7892, Defendant called Plaintiff on September 17, 2020 at 2:38 pm, on September 15, 2020 at 5:07 pm, on September 14, 2020 at 12:57 pm, and on September 11, 2020 at 4:19 pm; from Defendant's phone number 559-765-0641, Defendant called Plaintiff on September 17, 2020 at 8:39 am, on September 15 at 11:54 am, on September 11, 2020 at 10:19 am, on September 10, 2020 at 8:58 am, and on August 16, 2020 at 11:03 am;

29. Additional recent examples of calls from Defendant to Plaintiff's cellular phone included, but are not limited to, the following: From Defendant's phone number 559-862-4287, Defendant called Plaintiff on September 16, 2020 at 1:57 pm, on September 15, 2020 at 10:14 am, on

September 13, 2020 at 10:54 am, on September 11, 2020 at 8:34 am, and on September 9, 2020 at 10:47 am; from Defendant's phone number 855-332-9461, Defendant called Plaintiff on September 14, 2020 at 3:36 pm, on September 11, 2020 at 5:44 pm, and on September 20, 2020 at 3:22 pm; from Defendant's phone number 559-765-0769, Defendant called Plaintiff on September 17, 2020 at 11:31 am, on September 15, 2020 at 12:05 pm, on September 11, 2020 at 1:25 pm, on September 10, 2020 at 11:16 am, and on August 17, 2020 at 9:42 am and 9:41 am;

30. Additional recent examples of calls from Defendant to Plaintiff's cellular phone include, but are not limited to, the following: From Defendant's phone number 855-777-0279, Defendant called Plaintiff on August 19, 2020 at 10:15 am; from Defendant's phone number 559-940-6208, Defendant called Plaintiff on August 15, 2020 at 8:01 am and on August 19, 2020 at 8:02 am; from Defendant's phone number 559-472-7928, Defendant called Plaintiff on September 16, 2020 at 11:25 am, September 15, 2020 at 8:28 am, September 12, 2020 at 8:25 am, September 10, 2020 at 5:33 pm, and September 9, 2020 at 8:20 am; from Defendant's phone number 559-719-6838, Defendant called Plaintiff on August 19, 2020 at 5:19 pm and on August 18, 2020 at 10:16 am.

31. Defendant has also left many voicemails on Plaintiff's cellular phone. In these voicemails, Plaintiff noted an approximate three-second paused between the time the voice mail message begins playing and the time Defendant's representative begins to speak.

32. Defendant's calls to Plaintiff's cellular phone continue today.

33. Frustrated over Defendant's conduct, Plaintiff was forced to retain counsel.

34. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular

phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") and pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

37. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting approximately three seconds in length before connecting to a live representative.

38. In the voicemails Plaintiff received from Defendant, he also noted an approximately three-second pause between the time the voicemail began to play and the time a live representative began to speak.

39. Moreover, the nature and frequency of Defendant's calls point to use of an ATDS.

40. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent prior consent that Plaintiff may have given to Defendant was explicitly revoked by Plaintiff's repeated demands that Defendant cease contacting him.

41. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KEVIN SCHRUBB, Jr., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

44. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

45. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

46. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

47. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

### i. Violations of the FDCPA §1692d and §1692d(5)

48. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

49. The FDCPA, pursuant to 15 U.S.C. §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

50. Defendant violated §1692d, when, on July 29, 2020, Defendant called Plaintiff and insisted on payment after Plaintiff informed Defendant that he was at his son's memorial service. Defendant violated §1692d again when it called Plaintiff only 30 minutes later. Such conduct is harassing, oppressive, and abusive.

51. Defendant violated §1692 d and d(5) when it repeatedly called Plaintiff after being notified to stop. This behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and nature of the calls show that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

### ii. Violations of the FDCPA § 1692e

52. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

53. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

54. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff repeatedly demanded that it stop contacting him, Defendant continued to contact Plaintiff from multiple phone numbers.

8

Defendant's conduct, in calling Plaintiff from multiple phone numbers after he asked for the calls to stop, is a deceptive means employed by Defendant to call Plaintiff to collect on the subject debt. Moreover, through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him after he repeatedly asked for the calls to stop.

### iii. Violations of FDCPA § 1692f

55. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

56. Defendant violated §1692f when it attempted to collect on the subject debt by repeatedly calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is both unfair and unconscionable.  The means employed by Defendant only served to worry and confuse Plaintiff.

57.  Defendant violated §1692f, when, on July 29, 2020, Defendant called Plaintiff and insisted on payment after Plaintiff informed Defendant that he was at his son's memorial service.  Defendant violated §1692f again when it called Plaintiff only 30 minutes later.  Such conduct is unconscionable.

58. Defendant willfully and knowingly violated the RFDCPA.  Defendant continued to call Plaintiff's cellular phone after Plaintiff repeatedly asked it to stop contacting him.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

59. As plead in paragraph 34, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, KEVIN SCHRUBB, Jr., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: September 30, 2020                Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Email: nick@wajdalawgroup.com